James A. Patten (ID #1191)
Molly S. Considine (ID #13800)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN PLLC**
401 N. 31st Street Ste. 800
P.O. Box 7207
Billings, MT 59103
Telephone: 406-252-8500
Facsimile: 406-294-9500
E-Mail: apatten@ppbglaw.com
mconsidine@ppbglaw.com

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>**MONTANA TUNNELS MINING, INC.**,<br><br>Debtor. | **Case No. 2:26-bk-20193-BPH**<br><br>**MOTION FOR APPROVAL OF SALE OF DEBTOR'S PROPERTY** |

MONTANA TUNNELS MINING, INC., Debtor and Debtor-in-Possession ("MTMI") respectfully moves this Court for leave to sell its property, as described in the attached Purchase Agreement[1], free of liens and encumbrances, except as provided in the Purchase Agreement, to Silver Bow Mining Corp ("SBMT") and Silver Bow Tunnels Corp. ("SBTC").

This motion ("Sale Motion") is made pursuant to 11 U.S.C. § 363(b) and (f) and F. R. Bankr. P. 2002(c)(1).

## INTRODUCTION

MTMI owns real property, mineral rights, mining equipment, motor vehicles, milling equipment, office equipment, and leasehold rights in Jefferson and Broadwater Counties,

[1] A copy of the Purchase Agreement is attached hereto marked "Appendix 1."

Montana. MTMI filed this chapter 11 bankruptcy case in order to resolve state court litigation with Jefferson County, Montana and the Montana Department of Environmental Quality ("DEQ")[2] and thereby complete the sale of its property and payment of its creditors and bonding obligations.

Prior to filing this bankruptcy case, MTMI, SBMT, and SBTC were engaged in extensive, good-faith negotiations regarding the proposed sale of MTMI's assets. The parties devoted substantial time, effort, and resources to reaching an agreement, and those negotiations progressed to an advanced stage. In fact, the negotiations culminated in the execution of a memorandum of understanding that memorialized the principal terms of the transaction and outlined the contemplated structure and mechanics of the proposed sale. While the bankruptcy filing required the parties to make certain limited modifications to the transaction documents and procedures to accommodate the requirements of the Bankruptcy Code and the approval process contemplated therein, the transaction presented to the Court is the product of extensive prepetition negotiations. The substantial work undertaken by MTMI, SBMT, and SBTC before the petition date enabled the parties to efficiently finalize definitive documentation following the commencement of this case. Consequently, the sale structure proposed herein is largely the same structure contemplated by the parties prepetition and reflects the culmination of a lengthy and arms-length negotiation process that began well before the bankruptcy filing.

**EXPEDITED PROCEDURE**

On August 6, 2026, the Bankruptcy Court approved a stipulation made by MTMI, Jefferson County, and DEQ (ECF No. 35) which provided for the procedure and timing of the

[2] *Jefferson County v. Montana Tunnels, et al*, Montana Fifth Judicial District, Jefferson County, cause no. DV-22-2024-0000062.

court's consideration of this Motion (ECF No. 36) (the "Stipulation"). A Supplemental Stipulation was filed on August 7, 2026 (ECF No. 38) that supplemented the original stipulation; the Bankruptcy Court approved the Supplemental Stipulation on August 11, 2026 (ECF No. 41) (the "Supplemental Stipulation", and together with the Stipulation, the "Stipulations").

The Stipulations provide the following schedule by which the Bankruptcy Court is to consider this Sale Motion as follows:

(i) This Sale Motion must be filed on or before August 21, 2026 accompanied by a Motion for Shortened Notice of 12 days;

(ii) On or before August 24, 2026, SBMT or SBTC must deposit with a closing escrow agent [Corporate Escrow Management Inc., 2750 East Cedar Avenue, Denver, Colorado 80209,] sufficient funds to satisfy the claims of all secured and unsecured, non-MTMI affiliated creditors, as reflected in the MTMI Schedules D, E, and F (ECF No. 40), and such amounts as necessary to bring the MTMI bond obligations to DEQ current;

(iii) On August 24, 2026, counsel for Jefferson County is to report to the Bankruptcy Court that the required funds to pay non-MTMI affiliated creditors as described in subparagraph (ii) above, have been deposited with the escrow agent;

(iv) A hearing will be held on August 28, 2026 on Jefferson County's Motion to Dismiss or Convert this case (ECF No. 7) in the event (i) this 363 Motion and/or the Motion for Shortened Notice is not filed on or before August 21, or (ii) the funds due on August 24 are not deposited; in the event this 363 Motion and the Motion for Shortened Notice have been timely filed and the funds to pay all scheduled claims have been timely deposited, the August 28 hearing will be converted to a status conference;

(v) Objections to this 363 Motion must be filed on or before September 2, 2026;

(vi) A hearing on this 363 Motion and any timely objections, will be heard at 9:00 a.m., on September 4, 2026 at the Missouri River Federal Courthouse, 125 Central Avenue West, Great Falls, Montana, provided this Motion and the Motion for Shortened Notice are not filed by August 21, 2026 and the funds are deposited with the escrow agent by August 24, 2026;

(vii) This 363 Motion shall not require any agreements, undertakings, or approval from either Jefferson County or the DEQ;

(viii) If this Sale Motion is denied approval on September 4, the Bankruptcy Court will immediately hear the Jefferson County motion to dismiss or convert; and

(ix) If this Sale Motion is approved, the escrow shall pay Jefferson County, DEQ, and the non-MTMI affiliated creditors the amounts set forth on the MTMI schedules D, E, and F by September 8, 2026, unless otherwise ordered by the Bankruptcy Court.[3]

In order to allow the bankruptcy code claims allowance process to proceed in the ordinary course, any creditor claiming an amount in excess of the amount scheduled on MTMI schedules D, E, and F or as set forth herein must file a proof of claim with the Bankruptcy Court on or before December 2, 2026, and government entities must file a proof of claim on or before January 25, 2027, save for DEQ which is authorized to resume prosecution of all remaining claims and causes of action against MTMI and any insider-affiliates in *Jefferson County v. Montana Tunnels, et al*, Montana Fifth Judicial District, Jefferson County, cause no. DV-22-2024-0000062, including against any actions or conduct that arose pre-petition, and to which the automatic stay in 11 U.S.C. § 362 shall not apply, and any judgments, penalties, interest, and attorneys' fees that may be awarded to DEQ therein shall not be considered discharged as a

[3] The identification of the creditors and the amounts to be paid are set forth on pages 12 - 14 *infra*.

result of this bankruptcy. Likewise, nothing herein contained shall preclude MTMI from resuming and hereafter pursuing any and all claims against DEQ, including through one or more appeals, of any matters raised by MTMI, either directly or by implication or otherwise, in the aforesaid action. All defenses of DEQ and MTMI are also likewise preserved. MTMI may object to any proof of claim filed within 30 days of the government entity claims bar date. Upon resolution of any disputed claim, MTMI shall pay the allowed amount of the claim.

**PURCHASE AGREEMENT**

The Purchase Agreement and all related schedules are attached hereto at Appendix 1. The basic terms of the sale subject to this 363 Motion are:

(i) SBMT and/or SBTC will provide the funds to pay the non-MTMI affiliated unsecured creditors;

(ii) SBMT and/or SBTC will be granted a lien on certain real and personal property interests as further described and set forth in the Purchase Agreement and related schedules and exhibits, which will be released upon the closing of the sale of all of the MTMI property to SBMT and/or SBT;

(iii) SBMT will issue Final Closing CVRs[4] and Deferred Compensation CVRs at the Final Closing shares of SBMT convertible to 3,500,000 SBMT shares and 11,500,000 SBMT shares to MTMI at the time and pursuant to the conditions expressed in the Purchase Agreement;

(iv) SBMT and/or SBTC shall advance to MTMI sufficient funds on the conclusion of the claims allowance process to pay any additional amount in excess of the September 8 distribution to non-MTMI affiliated creditors resulting from the completion of the claims

[4] CVR means the contingent rights agreement as defined in the Purchase Agreement.

allowance process and in consideration, MTMI will receive a reduced number of SBMT and SBTC shares of equal value to any additional funds advanced at the conclusion of the claims allowance process. [5]

**11 U.S.C. SECTION 363**

The Bankruptcy Code, at section 363(b) allows the Bankruptcy Court to grant a chapter 11 debtor authority to sell property out of the ordinary course. In order for a court to approve such a motion, the debtor must show:

A sound business justification for the sale, *In re Continental Air Lines, Inc*., 780 F.2d 1223, 1226 (5th Cir. 1986); *In re ASARCO, LLC*, 650 F.3d 593, 601 (5th Cir. 2011). The debtor must also show that the sale is in the best interests of the bankruptcy estate, which includes the trustee's business judgment in determining whether optimal value is received, and whether the trustee's judgment is reasonable. *SVP Financial Services Partners LLP*, 588 B.R. 528, 534 – 35 (D.C. Ariz., 2018). Under the Purchase Agreement, the Stipulations, and this Sale Motion, all non-MTMI affiliated creditors are paid in full, either at the September 8 escrow distribution or at the time a proof of claim is an allowed claim.

Additionally, the trustee must show that here has been adequate and reasonable notice to creditors and parties in interest. The Bankruptcy Code defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but....there is insufficient time for a hearing to be commenced before such act must be done and the court authorizes such act..." 11 U.S.C. § 102(1). Bankruptcy Rule 2002(a)(2) requires 21 days notice "unless the court, for

[5] The terms identified are a brief description of the Purchase Agreement which contains many specific conditions and terms. The entire Purchase Agreement should be reviewed for full understanding.

cause, shortens the time ....” F. R .Bankr. Pro. 2002(a)(2); Rule 6007, F. R. Bankr. Pro. specifies that a debtor in possession is to provide notice of disposition of property to all creditors, indenture trustees, any committee appointed, and the U.S. Trustee. MTMI has obtained authority from the Bankruptcy Court to shorten the notice required for this Sale Motion which the Court has under Rule 9007, F. R. Bankr. Pro. The particular circumstances for the shortened notice of this Sale Motion approved by the Bankruptcy Court is to preserve the sale of the MTMI assets before a deadline demanded by secured creditor Jefferson County which could result in the conversion or dismissal of this case if such deadline is not met. The fact that the sale will result in prompt payment to all claims except those held by MTMI affiliated entities, as provided by this Sale Motion and the accompanying Motion for Structured Dismissal, justifies the expedited notice and hearing.  Moreover, all creditors will be provided notice of the deadline to object and the hearing scheduled for consideration of this Sale Motion.

Section 363(m) of the Bankruptcy Code assures that an appeal reversing or modifying the sale of property does not affect the validity of a sale in good faith unless the authorization of the sale was stayed pending appeal. The proposed sale here is in good faith because all creditors, excepting only the MTMI affiliated creditors, are paid in full. Further, the sale is in good faith because the due process rights of the creditors who claim to be owed more than is distributed to them under the expedited payment schedule, will have the opportunity to file a proof of claim under the ordinary time schedules for filing claims and will have the opportunity to prove up their claims if MTMI objects to any claim.

Notwithstanding the shortened notice for a distribution to be paid to the non-MTMI affiliated creditors, the customary claims filing and claims dispute timing and processes will be applied. Adhering to the customary time and notice requirements of the Bankruptcy Code and

the Federal Rules of Bankruptcy Procedure demonstrate that there has been adequate and reasonable notice provided by MTMI.

The Bankruptcy Code at section 363(f), permits the sale of property free and clear of any interests in the property, other than the interest of the debtor, but only if:

(1) Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) Such entity consents;

(3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) Such interest is in bona fide dispute; or

(5) Such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

Section 363(f) is stated in the disjunctive and is satisfied if at least one of the five statutory requirements is met. *In re Baroni*, 654 B.R. 334, 353-54 (Bankr. C.D. Cal., 2023). Here, Jefferson County asserts a lien on the MTMI real property including improvements. Jefferson County consents to the relief sought by this 363 Motion as evidenced by the Stipulations. DEQ also asserts an interest in and to the MTMI real property, including the improvements, by virtue of the reclamation bonds and real property bonds encumbering the MTMI real property. The sales price by which the MTMI property will be sold exceeds the lien claimed by Jefferson County and DEQ (as well as all non-MTMI affiliated debt). Moreover, Jefferson County could be compelled to accept payment of the property and extraction taxes MTMI owes to Jefferson County and DEQ could be compelled to accept the same for the

reclamation bonding shortages and real property bonds it maintains in the MTMI real property. This 363 Motion may be granted pursuant to 363(f)(2), (3) and (5).

MTMI, as a debtor in possession, is qualified to dispose of the bankruptcy estate's property. *MOAC Mall Holding LLC v. Transform Holdco, LLC*, 589 U.S. 288, 292, 143 S.Ct. 927, 215 L.Ed.2d 262 (2023). MTMI's disposition of property "must satisfy § 363's rules." *In re Cambrian Holding Company, Inc.,* 110 F.4th 889, 892 (6th Cir. 2024).

The "§ 363 rules" include notice and a hearing. If another party, such as Jefferson County or DEQ, holds an interest in the property, that party can request the Bankruptcy Court to ensure it receives "adequate protection" of its interest. 11 U.S.C. § 363(e). *Id.* Jefferson County and DEQ's adequate protection is prompt payment of their respective lien and bonding claims.

While the effect of a sale authorized under 11 U.S.C. § 363(f) is "free and clear' of any interest in property asserted by an entity other than the bankruptcy estate, some interests can survive. Among these may be claims of a successor for liability under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42, U.S.C.A. §§ 9607 and 9613, ("CERCLA") or any State of Montana police power or regulatory scheme. *In re Motors Liquidation Company,* 585 B.R. 708, 731 (Bankr. S.D. N.Y. 2028); *In re Old Carco LLC*, 551 B.R. 124 (Bankr. S.D. N.Y. 2016).

The MTMI property includes property in which a third party holds a production interest. Franco-Nevada, through its predecessors, reserved a five percent (5%) Net Smelter Return Interest ("NSR Interest") in certain of the parcels proposed to be sold in the sale:

| *Claim Name* | *MS No.* | *Patent No.* | *Section Nos.* | *Township & Range* |
|---|---|---|---|---|
| Elk Lode | 8241 | 104735 | 15 | 7N4W |

| | | | | |
|---|---|---|---|---|
| Jockey Boy Lode | 8242 | 104735 | 15 | 7N4W |
| American Mint Lode | 8243 | 104735 | 15 | 7N4W |
| Song Bird Lode | 8244 | 104735 | 15 | 7N4W |
| Ruby Lode | 8245 | 176599 | 15 | 7N4W |
| Daisy Lode | 8246 | 166296 | 15 | 7N4W |
| Monitor Lode | 8247 | 166296 | 15 | 7N4W |
| Blue Rock Lode | 8248 | 104735 | 9,10,15,16 | 7N4W |
| Basin Lode | 8249 | 104735 | 10,15 | 7N4W |
| Mammoth Lode | 8250 | 104735 | 10,15 | 7N4W |
| Wickes Lode | 8251 | 176599 | 10,15 | 7N4W |
| Covellite Lode | 8252 | 176599 | 10,15 | 7N4W |
| Tom Boy Lode | 8253 | 104735 | 10 | 7N4W |
| Chalcopgeite Lode | 8254 | 104735 | 10 | 7N4W |
| Jumper Lode | 8255 | 197180 | 10 | 7N4W |
| Equator Lode | 8256 | 197180 | 10 | 7N4W |
| David Copperfield Lode | 3352A | 23011 | 15, 16 | 7N4W |
| Copperleaf Lode | 8291 | 153762 | 10 | 7N4W |
| Frances Lode | 8290 | 153762 | 10 | 7N4W |
| David Coperfield Lode | 3352A | 23011 | 15 | 7N4W |
| Copper Leaf Lode | 8291 | 153762 | 10 | 7N4W |
| Frances Lode | 8290 | 153762 | 10 | 7N4W |

The proposed sale is not intended to alter Franco-Nevada's production interest in any property sold pursuant to this Sale Motion. Any property sold shall be subject to, and the real property conveyed shall be expressly burdened by, Franco-Nevada's NSR Interest. The proposed sale shall not extinguish, impair, modify, subordinate, limit, abridge, or attach to proceeds in lieu of, or otherwise adversely affect

Franco-Nevada's NSR Interest in the real property or any of Franco-Nevada's rights to and in the NSR Interest. Franco-Nevada's NSR Interest shall continue to burden real property following the closing of the sale with the same force and effect, priority, and enforceability as existed immediately prior to the filing of MTMI's bankruptcy petition.

This Sale Motion is plainly in the best interest of all creditors in this case as the approval of the 363 Motion will provide for the prompt payment of all debts, including any bonds required by DEQ or other federal or state agencies and will allow the creditors to recover more through the claims allowance process. Additionally, approval of this 363 Motion will permit Jefferson County and DEQ to avoid the risks inherent with foreclosure proceedings arising from *Jefferson County v. Montana Tunnels, et al*, Montana Fifth Judicial District, Jefferson County, Cause No. DV-22-2024-0000062 and allow for a prompt resolution and payment of the primary claims raised in that litigation.

MTMI further asserts that the sale contemplated by this 363 Motion is proposed in good faith and reasonable and sound business justification is present to support approval of the sale. Bankruptcy Code section 363(b)(1) authorizes the Chapter 11 debtor-in-possession to sell assets of the estate outside the ordinary course of business where the debtor has shown that sound business reasons exist for the proposed transaction, and that the sale has been proposed in good faith. These prerequisite showings are designed to protest the interests of creditors and the estate. *In re North Brand Partners*, 200 B.R. 653, 659 (9th Cir. BAP 1996). "'Good faith' encompasses fair value, and further speaks to the integrity of the transaction." *Id*. MTMI has been presented with the opportunity to address all non-insider liabilities and shed an asset that it is incapable of operating due to undercapitalization, while maintaining and receiving value for the estate. Accordingly, the proposed sale and satisfaction of the accrued liabilities constitute a sound exercise of MTMI's business judgment.

Finally, immediate and irreparable harm will result if this sale is not approved. MTMI does not believe another sale on equal or better terms will be available and a lengthy non-bankruptcy foreclosure process will result.

This Sale Motion meets the statutory requirements for the approval of its proposed sale. The terms of the MTMI sale "satisfy § 363's rules."

**DISBURSEMENTS TO CREDITORS**

MTMI has agreed through the Stipulations to pay all non-MTMI affiliated creditors in full on September 8, 2026, if this Sale Motion is granted. Following is a table of the names and amounts of all such creditors. If any amount is incorrect, the claimant should timely file a proof of claim. The amounts indicated below will be paid on or by September 8, 2026, unless otherwise ordered by the Bankruptcy Court. Any additional amount claimed in a proof of claim will be paid when the claim is allowed by the Bankruptcy Court:

| Creditor | Amount |
|---|---|
| INTERNAL REVENUE SERVICE | $ 71,044.00 |
| INTERNAL REVENUE SERVICE - | $ 117,970.86 |
| JEFFERSON COUNTY | $ 4,268,078.01 |
| MONTANA DEPT OF ENVIRONMENTAL QUALITY | $20,780,551.36 |
| MONTANA DEPT OF LABOR & INDUSTRY | $ 2,205.32 |
| MONTANA DEPT OF LABOR & INDUSTRY | $ 40,680.05 |
| MONTANA DEPT OF REVENUE | $ 106.00 |
| AMERICAN WELDING & GASM INC | $ 817.72 |
| BIOCARBON STRATEGIES | $ 36,277.40 |
| BROADWATER COUNTY | $ 16,885.15 |
| CENTURY LINK | $ 1,613.90 |
| CROWLEY FLECK | $ 19,522.40 |

| | | |
|---|---|---|
| DISA TECHNOLOGIES | | $ 15,744.00 |
| ENVIRONMENTAL PROTECTION AGENCY | | $ 753,920.00 |
| FRANCO-NEVADA US CORPORATION | | $ 0.00 |
| LD CONSTRUCTION, INC. | | $ 186,560.68 |
| LEWIS & CLARK COUNTY | | $ 3903.20 |
| LLOYD MINING SERVICES, P.C. | | $ 306,210.69 |
| MONTANA NATURAL RESOURCES DAMAGE PROGRAM | (Contingent) | $ 0.00 |
| MONTANA STATE FUND | | $ 401.45 |
| NORTHWESTERN ENERGY | | $ 47,420.16 |
| TALEX COMMODITIES CAPITAL, LTD - | | $ 300,000.00 |
| TETRA TECH, INC | | $ 23,252.52 |

**CONCLUSION**

This 363 Motion satisfies the requirements of 11 U.S.C. § 363 because it is in the best interests of the creditors and claimants in this chapter 11 case; the non-MTMI affiliated creditors will receive full payment upon the approval of this Motion including all lien holders; and is in the best interests of this bankruptcy estate.

Dated: August 21, 2026.

**PATTEN, PETERMAN, BEKKEDAHL & GREEN PLLC**

By: /s/*J A Patten*
James A. Patten
Attorney for Debtor

**NOTICE OF OPPORTUNITY TO RESPOND
AND REQUEST A HEARING**

**If you object to the motion, you must file a written responsive pleading on or before September 2, 2026. The hearing on the Motion shall be heard on the 4th day of September at 9:00 a.m. in the bankruptcy courtroom of the Missouri River Federal Courthouse, 125 Central Avenue West, Great Falls, Montana.**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

Dated: August 21, 2026.

**PATTEN, PETERMAN, BEKKEDAHL & GREEN PLLC**

By: /s/*J A Patten*
James A. Patten
Attorney for Debtor

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify under penalty of perjury that on the 21st day of August, 2026, a copy of the foregoing was served pursuant to Mont. LBR 9013-1(e)(2), (3) by electronic means on the parties noted in the Court's ECF transmission facilities and/or by mail on the following parties:

See attached mailing matrix

* The attached list will not be mailed out to creditors but will be on file with the United States Bankruptcy Court. A copy will be provided upon request.

/s/J *A Patten*
Patten, Peterman, Bekkedahl & Green PLLC